FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 6 2005

JAMES W. McCORMACK, CLERK
By: _____
                DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FRIENDS OF THE LAKE VIEW SCHOOL DISTRICT
INCORPORATION NO. 25 OF PHILLIPS COUNTY, et al.         PLAINTIFFS

v.                         No. 2:04CV184 GH

MIKE HUCKABEE in his official capacity, as Governor
Of the State of Arkansas                                 DEFENDANTS

### REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

#### Facts

The plaintiffs in this cause have filed a detailed, fact-specific Motion for Preliminary Injunction in this cause with a comprehensive Brief containing supportive authorities. Plaintiffs have also given support to their Motion by appropriate attachments of exhibits. The defendants in its "response" have (a) filed no reply whatsoever to the Motion or (b) filed any counter exhibits which contradicts the integrity of contention surrounding the attached exhibits to plaintiffs' pleadings: (c) has filed a response that nearly completely ignores the factual allegations of the plaintiffs Motion and supportative authorities.

The defendants have filed a Response of eight pages containing thirteen more or less supportive citations. The defendants does not contradict any of the allegations of the plaintiffs' Motion inclusive of ¶ 24 which avers that Superintendent Kirkland of the Barton-Lexa School District has stated emphatically that the Lake View School District campus would not be closed for the school year 2005-2006 or pending the present litigation. The defendants requested of plaintiffs Extensions of Time in which to respond to the plaintiffs' Preliminary Injunction on two occasions which were graciously agreed

1

to by the plaintiffs. The defendants now argues in its Response that the plaintiffs have been tardy in requesting a Preliminary Injunction Relief in spite of the fact that it does not refute the delay, if any, was caused because of promises by the Superintendent of Barton-Lexa that the Lake View campus was not in jeopardy of closing. Nor does it embrace any responsibility for delay with its request for Extensions of Time in which to respond.

The Lake View lawsuit is directed against the constitutionality of Act 60 of the '84 General Assembly Second Extraordinary Session. The Barton-Lexa School District was not the creator nor are they the enforcer of that act. Barton-Lexa School district only has the power to close the Lake View School or previously to consolidate therewith because of *state authority* and *state action* not any independent authority of Barton-Lexa School District. The letters the defendants illustrates as contradicting to position of the defendants via closing of the Lake View School District, Exhibit 6, was published prior to the filing of the instant lawsuit and it was included as an exhibit for the purpose of showing racial hostility, the intent of the district to negate any political influence African Americans in the newly consolidated district and finally to indicate that no African American teachers would be hired from the previous Lake View School District. The promise of non-closing by Superintendent Roy Kirkland of the Barton-Lexa School District referring to the Lake View campus *came* in 2005 after the *filing* of the *instant lawsuit*.

Finally, any assertions that Lake View wishes to upset the *status quo* rather than maintaining the *status quo* defies the plain language of the Preliminary Injunction Relief Petition. It is the **LAWSUIT** that attempts to revert to a prior status quo or to upset the status quo of consolidation. The Petition for Preliminary Injunction Relief simply

requests that the court would maintain the independent operation of status of the Lake View campus so that its continuity would not be destroyed and the students, parents, and taxpayers, etc. would not suffer irreparable harm by its unconstitutional closing. It is a fact that there has been constitutional harm done to the Lake View School District because of implementation of Act 60. It is not a fact that the implementation of Act 60 in and of itself without the closing of the Lake View campus did constitutional harm to the status of Lake View School District as a viable educational institution. Closing it is a factual assertion that cannot be denied as causing irreparable harm to its existence.

### Argument

The defendants contend that the Lake View lawsuit was filed after consolidation of the former Lake View School District and therefore, some legalistic tardiness attaches thereto. This assertion, on the one hand, is an admission unfavorable to the state cause and on the other hand defies the logical sequences of this action. The Lake View School District was the **Prevailing Party** in the series of cases styled *Lake View et al. v. Huckabee et al.* and had every expectation that as the victorious party it would receive the benefit of that victory not legislative retribution. There was no need for the Lake View School District to file a lawsuit in this cause until it had in fact been "slammed" by the action of the state school board on May 17, 2004 at which time it ordered the consolidation of the Lake View School District over the protest of said district. If Lake View would have filed a lawsuit prior to that time it would have been a *anticipatory action* which would not have standing in this court or any other court. This court should not, however, overlook the glaring admission by the state defendants that indicates that Lake View School District should have known that the fair hearing or *due*

3

*process* hearing outcome was predetermine and should have filed a lawsuit *before the actual hearing*. In other words, the state defendants say very clearly in its response that Lake View should have known that there would be no relief granted to it at the *due process* hearing; that the *due process* hearing was pretextual and a farce and that being a known fact plaintiffs should have filed a lawsuit before that process began.

The plaintiffs are very aware of the rulings of the court in <u>Rathmann Group v. Tanenbaum,</u> in which the defendants mis-cites at 899 F.2d 787, 790 (8th Cir. 1989). The correct citation of course is 889 F.2d 787 )8th Cir. 1989). *Tanenbaum* does not present any insurmountable obstacles to the plaintiffs Petition. The plaintiffs have certainly with the detailed particularities of its Motion and comprehensive Brief with supported exhibits carried any higher burdened required by *Tanenbaum*. While FRCP 7 does not require that the opponent to a Motion file an Answer to same, it certainly could be argued with persuasion that Rule 7.2(b) of the Rules of the U. S. District Court Eastern District of Arkansas does. Rule(b) states clearly that the responding party "shall serve and file with the clerk a precise statement and opposition to the Motion with supporting authority" and Rule 7.2(d) requires that no Brief is required to a Motion for Preliminary Injunction Relief. See Rule 7.2(e). Since no Brief is required to respond to a Motion for Preliminary Injunction Relief, it is obvious that there should be reciprocal response to the Motion itself or it should be deemed admitted pursuant to Rule 12(a) of FRCP or pursuant to the ten day rule applicable to this district. Not only has the plaintiffs carried any higher burden of pleading, but the defendants have carried no burden of refutation. In this reply plaintiffs asserts their pleadings and proof meets the burden of *N.E. Florida*

*Chapter of Association of General Contractors of America v. City of Jacksonville, Florida* 896 F 2nd 1283 (11th Cir. Florida 1990)

The defendants alleges on the one hand that school districts are semi autonomous and therefore are not agencies of the state, but it cites *Kies v. Lowery*, 199 U.S. 233 (1905) which stands for the opposite legal position. *Kies*-which is inapplicable to the fact situation in this case, represents the proposition that under Michigan constitutional law of 1905, states had the authority to divide and sub-divide municipalities at-will. The defendants does not take into consideration that *Kies* was decided before there was a 1964 Civil Rights Act, as amended, or 1965 Voting Rights Act, as amended, nor does the defendants take into consideration the substantial body of constitutional law which is developed via the rights of individual citizens as opposed to government entities since 1905. Furthermore, Lake View School District has not filed a lawsuit in this case. This is a lawsuit of individual taxpayers, voters, parents, patrons, etc. Nothing relating to any legal precedent in *Kies* applies to this case.

If the court takes the defendants' assertions and citations of *Delta Special School District No. 5 v. State Board of Education*, 745 F.2d 532 (8th Cir. 1984) which is a case, I'm sure this court is quite familiar, stands for the proposition that school districts pursuant to the Eleventh Amendment bar cannot bring *due process* violations action against the state. This argument has already been refuted in the Motion to Dismiss as it applies to this cause of action and certainly has nothing to do with the narrow question whether Preliminary Injunction should issue. Of course, if it is the defendants' position that school districts are *autonomous* then of course the state would have no right whatsoever to interfere with their operation whatsoever. Interference to the extent that it

could destroy or merge, consolidate, annex or other wise rearrange the structure of these semi autonomous political subdivisions would be beyond the defendants' power all together.

*Crenshaw v. Eudora School District*, _____ Ark. _____, _____ S.W.3d, (Ar. S. Ct.) (Slip. Op. May 12, 2005) is in a different universe than the present issue before the court. I am at a loss to connect Eudora School District with anything relating either to the question of consolidation in the Case-in-Chief or the Preliminary Injunction Relief sought here.

The defendants contend that Barton-Lexa School District is a necessary party under FRCP 19(a)(1) and 19(a)(2)(i). The plaintiffs are befuddle to determine what interest the Barton-Lexa School District has or what *standing* that it has to protest against Lake View patrons' fight to keep their school district open. The defendants have certainly cited no case authority in support of its contention. Citation of a rule leaves the court to be the *researcher* of the defendants' contention. If this court determines that the state law in this case is unconstitutional it is the state who will bare the cost of corrective action not Barton-Lexa School District. Barton-Lexa School District is not a proper party or necessary party under 19(a)(1), nor is Barton-Lexa School District a proper person under 19(a)(2)(i) because Barton-Lexa has no interest to protect nor has the state cited an interest that Barton-Lexa could protect separate from the defenses placed before the court by the state defendants.

Of course this case is know throughout the state, it has already impeded further consolidation of schools in the last legislative session as is popularly known and Barton-Lexa is well aware of this lawsuit since it is published in every instance a pleading has

filed in the state paper and the local paper of Phillips County. This court can take judicial note of the fact that Barton-Lexa School District is engaged in school litigation because it is one of the school district that has presently petitioned the Supreme Court for review in *Lake View v. Huckabee* cases. If Barton had an interest to protect certainly, it would be involved in this case. This is a legal "blind" erected by the state defendants and should be taken as frivolously.

The state seems to admit citing *Harris v. United States*, 745 F.2d 535 (8th Cir. 1984); *Roberts v. Van Buren Public Schools*, 731 F.2d 523, 526 (8th Cir. 1984) that irreparable harm is a key factor in the court's determination of whether a Preliminary Injunction should issue. Plaintiffs would humbly suggest to the court that since the defendants have not found it necessary to deny the allegations of the Motion where there is ample contentions-unrefuted contentions of specific irreparable injury. After the plaintiffs make this very weak and openly insincere allegation of lack of demonstration of irreparable harm it attempts to "bootstrap" *Bandag, Inc. v. Jack's Tire & Oil*, 190 F.3d 924, 936 (8th Cir. 1999) for the proposition that even though the plaintiff demonstrates they may ultimately prevail, absences a showing of irreparable harm plaintiff Motion must fail citing *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991). The defendants totally fail to particularize any instance of the plaintiffs failure to illustrate or demonstrate through their pleadings irreparable harm. Likewise the defendants points out no instance where the artfulness of the plaintiff Motion falls short of a higher level or standard of pleading. See contra, *Kowalski v. Chicago Tribune, Co 85 F 2nd 168 (7th Cir. 1988)*.

7

Plaintiffs contend that this argument is baseless because, again, of the detailed allegations of irreparable harm and the supportive Brief with exhibits attached demonstrating that harm. Closing down one thru twelfth grades at Lake View, transporting students to the Barton-Lexa School District, ending all local tax support for the Lake View School District campus while it would be unused causing deterioration of the physical structure, maintaining an unequal tax system which now exists between the former Lake View School District and the Barton-Lexa School District which allows Lake View School patrons to pay more to maintain the Barton-Lexa School District campus than the citizens of Barton-Lexa School District does; the immeasurable damage to the voting rights of the African American citizens in Lake View; the list goes on and on and on, demonstrating the scale of the irreparable harm. The defendants have not refuted any of these allegations. It has simply made a boiler-plate statement in defense and I quote again, *the defendants have not demonstrated they will suffer irreparable harm*, page 4 of defendants' Brief in response.

Lastly, the defendants have already covered the inapplicability of *Kies* and there is a thorough argument relating to *Mirrione v. Anderson*, 717 F.2d 743, 744, 746 (2d Cir. 1983). The defendants seem to have an unrelenting reliance on the *Mirrione* decision both in its Motion to Dismiss, its instant Response and its Reply to Motion to Dismiss. The *Mirrione's* case head crops up again and again. *Mirrione* does not deal with voter's dilution under the Voting Rights Act, racial discrimination in the enactment of a statute which is race-based, the creation of a administrative procedure that discriminates against African American citizens through the closing and destruction of their school district while suffering no white school district to be consolidate with any African American

school district in this state; the continuation of the African American citizens, patrons, school districts carrying all of the burden of enforcement of constitutional status under the Fourteenth and Fifteenth Amendment; the denial of *due process* at the administration hearing level etc., etc. *Mirrione* does not allow the creation of state statute that racially discriminates against African American citizens in violation of their established constitutional rights. Nor does <u>Holt Civic Club v. Tuscaloosa</u>, 439 U.S. 60, 71 (1978) provides any state with the latitude of creating a racial discriminatory statute as has been alleged via Act 60. As a matter of pure legal fact *none* of the case law cited by the defendant in its Response is applicable to the fact situation as asserted in the Complaint-in-Chief and certainly not applicable to the prevention of the issuance of a Preliminary Injunction Relief. It is the state who empowers Act 60 not Barton-Lexa School District. It is the state finances which supports school districts not Barton-Lexa School District. There is nothing under the sun which says that this court cannot decide the ultimate issue favorable to the plaintiffs within the context of a Preliminary Injunction. As a matter of fact, it is proper for this court in the instant case based on the overwhelming weight of authority, the unrefuted allegation of plaintiffs' Motion, the almost "off-handed" Response of the state defendants; the critical failure of the state by Affidavit or other wise to refute the material allegations that the Superintendent of Barton-Lexa School District promised non-closure of Lake View until the instant lawsuit was ended; citing of support of authority in their Brief that is irrelevant to the issues before the court; the undisputed fact that if a school year is less than three weeks from beginning and the state has all of the resources at hand to maintain the Lake View campus without any damage to the state itself i.e. balancing of equity. The state's Brief indicates that although there is no strong

9

argument against the plaintiffs' position that it will ultimately prevail on the merits. That no irreparable harm is present in the closing of the Lake View School District and Injunction Relief should not issue. This is an argument that does not merit the court's consideration. The plaintiffs would ask that the court would issue a ruling forthwith granting the Preliminary Injunction as a Default Judgment because of the unsupportability and its lack of substantive to its allegation. The defendants provided absolutely no Affidavits, no exhibits, no documents of any nature in support of its Response. A Default by any other name is a Default and judgment should issue not only on the merits of the plaintiffs' contention but because the state has absolutely defaulted in its Response.

Respectfully submitted,

J. L. WILSON
Attorney for Plaintiffs

J. L. Wilson Bar No.73-128
521-523 Plaza
West Helena, AR  72390
Phone (870) 572-1533
Fax (870) 572-4392

**CERTIFICATE OF SERVICE**

I, J.L. Wilson, do hereby certify that I have served a copy of the above and foregoing pleading upon the attorney(s) of record and the court by placing a copy of same in the U.S. Mail, or hand delivery.

Collette Honorable
Assistant Attorney General
323 Center Street
Little Rock, AR  72301

On this 21st day of July 2005.

_____
J. L. WILSON

11