FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 3 0 2006

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**FRIENDS OF LAKE VIEW SCHOOL DISTRICT**
**INC., NO. 25 OF PHILLIPS COUNTY, ET AL**                    **PLAINTIFF**


**VS.**                          **2:04 CV 00184 G H**


**MIKE HUCKABEE in his official capacity, as Governor**          **DEFENDANT**
**Of the State of Arkansas, *et al***


## NOTICE AND SUGGESTION OF REQUEST FOR DISQUALIFICATION

Comes the plaintiffs by and through his attorney J. L. Wilson for their motion and

states.

1.   That this cause of action was filed on 25 day of October 2004, requesting

Declaratory Judgment and Injunctive Relief.

2.   That the final scheduling order for this cause schedule September 19, 2004 in the

Federal Court of Eastern Arkansas, Helena Division as the date for trial.

3.   That between the original file and date October 25, 2004 and August 22, 2005

the District Court failed to act on any motions or any request for relief by either the

plaintiff or the defendant.

4.   That the plaintiff filed a petition for Preliminary Injunctive Relief and a hearing

was held October 25, 2004 on said petition. At the  petition the Federal District Court jury

sitting the Honorable Judge George Howard berated:(1) lashed-out-at, vilified, defamed,

by the use of racially derogatory statements; (2) utilizing   stark racial stereotypes to

describe the plaintiffs, indicating that the plaintiffs were individually or part of a group of African-Americans  citizens who has no regard for the sanctity of marriage, who were the bearers of 70%  illegitimate children; (3) attack the plaintiffs for accusing the State of Arkansas or the State Legislation as a institution of being racially discriminatory against any of its citizens; (4) took up the defense of the State's position, as a advocate, ignoring even the admissions of the state appointed  attorney that favored the plaintiff's arguments; (5) charged that African-American persons ought to be (thankful to God) for God's delivery of *Abraham Lincoln so that he would free* black people ; (6) accused the plaintiff individually or as a group of African -Americans of  not being "thankful" for being citizens of the "great United States" while other non-Americans were begging to be a part of this great citizenship;(7) refused to allow a *full* and *fair* presentation of the evidence on behalf plaintiffs by constantly attacking the attorney for plaintiffs and constantly attacking the form and presentation of evidence while no objections being made by the State;(8) openly acknowledging an unequal credence to the testimony of the white Superintendent of Barton-Lexa School District  on the subject of the best interest and  proper welfare of African-American students from formulating a new School District , while castigating the former African-American Superintendent of Lake View School District for stating the opposite of the white Superintendent of Barton-Lexa on best interest issues(basically stating that the testimony of a white Superintendent regarding the needs and the welfare of African-American students whom he had no knowledge of was superior to the testimony  of  a African-American Superintendent who had been Superintendent of the African- American  students in question  for more than  twenty years); (9) ignoring the evidence that the Barton-Lexa white Superintendent had  never meet with any students or

teachers at Lake View during the previous year while it was under consolidation; and visibly *demonstrative prejudice* against the plaintiff in a manner that denied them a fair hearing and would deny them a fair review of the presentation of any future claims in this matter before this court.

5.      Additionally, the plaintiff and the State's Attorney by admission agreed that there was no *pendant state action* effecting the litigations of the issues presented to the court; and that there had not been a prior presentation of the issue of consolidation of the public schools in any litigation generally termed the   Arkansas Lake View School Funding cases.

6.      Nevertheless, the court   found that notwithstanding these assertions that *pendent action* existed and  ordered the plaintiffs to  engage and intervene in said *pendent action* knowing that it was impossible for the plaintiff to become involved in the pendent *Lake View vs. Huckabee,* School Funding case which scheduling had already been set by the Arkansas Supreme Court.

7.      That,  not only, had the Arkansas Supreme Court set a Briefing Scheduling and the date for Oral Argument before special masters appointed by it in the Lake View Funding case it had delineated the exact issues  that it would consider, barring any intervention by plaintiff was  completely ignored by this court.

8.      That none of those issues set-out by the Arkansas Supreme Court effected the question of racial discrimination in the usage of Act 60, as a means of the destruction of the African-American school district in question Lake View School District #25 of Phillips County, AR..

9.      Additionally, nothing in the *state pendant action,* as this court was aware or

should have been aware, dealt with racial discrimination in the funding or establishment of public schools in the State of Arkansas on a racial disparate basis, particularly, the Lake View School District; also, ignoring the significance of Lake View School District historic absence of any court determinations of racial discrimination in student placement in violation of U.S. Constitution 14 Amendment.

10.     That all of the allegations of the plaintiff's complaint and Motion for Preliminary Injunction was ignored even though the state defendants place little resistance, if any, to the allegations to the Motion for Injunctive Relief.

11.     That all of the assertions of the Motions Preliminary Injunction which was accompanied by additional proof (Exhibits and Affidavits) was ignored, even though the State defendants did not present proof-for-proof.

12.     That, instead, the court-not the defendants - insinuated into the instant action the *abstention doctrine* and a Rule 19 (A) of the F. R. C. P. defense, whereas, it was advocated most forcibly by the court that the Barton-Lexa School District was a necessary party to this action.

13.     That in the words of the court, the plaintiffs were requesting the court reopened the Lake View School District campus which would affect the interest of the Barton- Lexa School District not withstanding an objective reading of Act 60.

14.     That the Barton-Lexa School District testified *they had no interest whatsoever* in the closing or reopening  of the Lake View School District campus, if the State of Arkansas so ordered that it did not effect them because the State Law being enforced i.e. Act 60 was not a local matter but a state matter, yet again, the court in its August 26, Order disregarded all of this testimony purposely prejudicing the rights of the plaintiffs

to have their day in court on the bases of race and lack of wasp values, thus continuing the unconstitutional process of African -Americans  access  to the courts at both the Federal and State levels.

15.    That the court venomous, abrasive, invidious discriminatory attack upon the personage of the plaintiffs is sufficient for recusal, it is alleged.

16.    That the court demonstrated prejudice in this cause suffices for recusal.

17.    That the courts prejudgment of facts particularly the question of abstention which was agreed by the plaintiff and the defendant as not an issue demonstrates a prejudice and prejudgment that is sufficient for recusal.

18. That the courts in part demonstrative prejudice, racial attack, racial stereotyping and profiling of the plaintiffs, and plaintiff attorney is sufficient for disqualification.

19. That the plaintiff have already initiated through the 8th Circuit Court of Appeals a request for sanctions against the court in this matter and believe that the courts bigotry is obvious, the courts hatred towards the plaintiffs individually or as a member of a class is demonstrative, and the courts dislike and hostile amicus  towards the plaintiffs counsels is unquestionably visible.

20.    That the court added insult to injury, further, iterated that God sent African-American people Abraham Lincoln and that African-Americans had no gratitude for God sending us that "messiah" in order to free us from slavery.

21.    That the court indicated that the State of Arkansas would not enact any legislation that would discriminated against its citizens.

22.    That the court further stated that African-Americans children of the Lake View  School  District  would  be  better  off  because  of  the  testimony  of  the  white

Superintendent of Barton-Lexa School District (Roy Kirkland) who also testified that he had never in the year proceeding when consolidation was ordered either (a) visited with students at the formal Lake View School District or (b) had any conferences with teachers at the Lake View School District.

23.     That the court totally rejected in the same vain the testimony of Superintendent Leon Phillips an African-American who had been the Superintendent of Lake View School District for the past twenty (20) plus- years who testified that the students of Lake View would absolutely not benefit from consolidating with the Barton-Lexa School District.

24.     That while the courts charged to believe the white Superintendent of Barton-Lexa who had never had any interaction with the students of Lake View over the testimony of the former African-American Superintendent Leon Phillips Jr. is not in and of itself, demonstrative prejudice, but, it is the manner in which the testimony of one was accepted and the other rejected that demonstrated prejudice.

25.     That the jurist was listening intensely, quietly and without challenges to the testimony of the white Superintendent Roy Kirkland, but when the African-American Superintendent Leon Phillips begins to testify in opposite, he was viciously and vehemently attacked by the court it is contended.

26.     That in fact the court took up the total defense of the State's position in this case because the State of Arkansas, as the record demonstrates had no defense to the Motion for Preliminary Injunctive Relief.

27.     That both plaintiff and the defendant advise the court that in the ongoing proceedings in the Lake View School Funding case before the Arkansas Supreme Court

did not touch upon the subject of before the court in the instant lawsuit i.e. consolidation.

28.   That the court over the objections of the Barton School District Superintendent, the Barton-Lexa School District had no interest in the cause nevertheless found that one of the obstacles to the issues being *joined* in the cause was the absence of Barton-Lexa as a necessary party.

29.   That the plaintiff request that this court would disqualify and release this cause of action for assignment to another jury so that it could be immediately reactivated on the Federal Docket.

WHEREFORE, plaintiff request that this court would disqualify itself from any further duties as a jurist in the instant case and that the court would further disqualify itself from any and all in which plaintiff attorney is listed of counsel or party and disqualify from all proceedings in which the named plaintiff may appear in the future.

Respectfully submitted,

J. L. Wilson (Bar# 73-128)
521-523 Plaza
West Helena, AR 72390
www.attorneyjlwilson@cox-internet.com
Ph. 870-572-1533 Fax 870-572-47392

7

## CERTIFICATE OF SERVICE

I, J.L. Wilson, do hereby certify that I have served a copy of the above and foregoing pleading upon the attorney(s) of record by placing a copy of same in the U.S. mail postage paid addressed to :

Tim Gaguer
Senior Assistant Attorney General
323 Center Street
Little Rock, AR 72301

On this 27th  January 2006.

J.L. Wilson(Bar#73-128)
521-523 Plaza St.
West Helena, AR 72390
Office 870-572-1533 Fax 870-572-4392
www.attorneyjlwilson@cox-internet.com