**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**FRIENDS OF THE LAKEVIEW SCHOOL
DISTRICT INCORPORATION NO. 25 OF PHILLIPS
COUNTY, et al.**                                                                           **PLAINTIFFS**

**VS.**                                            **2:04CV00184-WRW**

**MIKE HUCKABEE in his official capacity as
Governor of the State of Arkansas, et al.**                                        **DEFENDANTS**

<u>**ORDER**</u>

Pending are Plaintiffs' Motions for a Ruling[1] and a Hearing.[2]  In response, Defendants

filed a Motion to Renew their Motion to Dismiss.[3]  Plaintiffs did not respond to Defendants'

motion.

This is an action for injunctive relief based on alleged violations of 42 U.S.C. § 1983, and

the Arkansas Constitution in connection with consolidation of the Lake View School District.[4]

**I.  Background**

This action was initiated in 2004, and was administratively terminated[5] in September

2005, pending the conclusion of similar proceedings before the Arkansas Supreme Court.[6]  The

dismissal order stated that the Court was abstaining from further action, but was retaining

---

[1]Doc. No. 63.

[2]Doc. No. 64.

[3]Doc. No. 69.

[4]Doc. No. 1.

[5]Doc. No. 45.

[6]*Lake View School District No. 25 v. Huckabee*, *et.al*, 208 S.W.3d 93 (Ark. 2005).

jurisdiction.  Plaintiffs were given 30 days to reopen the case once the state proceedings were final.[7]

At the time the case was dismissed, Defendants' Motion to Dismiss[8] was pending.  This motion alleged that (1) Plaintiffs' claims are not justiciable, and (2) are barred by sovereign immunity, *res judicata*, and the Rooker-Feldman Doctrine.  Plaintiffs had filed a response.[9]

No further action was taken on the case until Plaintiffs filed a Motion to Reopen in January 2006.[10]  The motion was denied[11] because the Arkansas Supreme Court had not issued a final mandate.[12]

The Arkansas Supreme Court issued its final decision in May 2007.[13]   Within 30 days, Plaintiffs filed a Motion for a Ruling,[14] which is interpreted as a motion to reopen the case.  This motion alludes to an amended complaint,[15] but, a proposed amended complaint is not attached as

---

[7]*Id.*

[8]Doc. No. 7.

[9]Doc. No. 24.

[10]Doc. No. 47.

[11]Doc. No. 51.

[12]*Lake View School District No. 25 v. Huckabee, et al.*, 220 S.W.3d 645 (Ark. 2005) (staying the mandate until December 1, 2006, to allow the Arkansas General Assembly and Department of Education to correct constitutional deficiencies).

[13]*Lake View School District No. 25 v. Huckabee, et al.*, No. 01-836, 2007 WL 1560547 (Ark. May 31, 2007) (concluding that the system of public school financing is in constitutional compliance and directing the clerk to issue the mandate forthwith).

[14]Doc. No. 63.

[15]*Id.* at 8.

an exhibit.[16]   Defendants counter that, before any further action is taken, the motion to dismiss

should be decided.   I agree.

## II.  Authority

Defendants' motion challenges jurisdiction based on the Rooker-Feldman Doctrine.

Jurisdiction is the power to hear an action, consider its merits, and render a binding

decision.[17]   The question of  jurisdiction may be raised *sua sponte* at any time,[18] and lack of

subject-matter jurisdiction cannot be waived by the parties or ignored by the court.[19]

Under the Rooker-Feldman Doctrine,[20] a party that lost in state court is barred from

seeking review of the state judgment in a United States district court, based on the losing party's

claim that the state judgment violates the loser's federal rights.[21]   Federal jurisdiction to review

state-court judgments is reserved to the United States Supreme Court.[22]

Claims decided by the state court and claims that are *inextricably intertwined* with a

state-court decision are barred under Rooker-Feldman.[23]   A claim is *inextricably intertwined* if:

---

[16]This violates local rule 5.5(e) which states: "A party who moves to amend a pleading
shall attach a copy of the amendment to the motion."

[17]*Walling v. Miller*, 138 F.2d 629, 632 (8th Cir. 1943).

[18]*Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001).

[19]*Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004).

[20]*Rooker v. Fidelity Trust Co.*, 262 U.S. 413 (1923); *District of Columbia Ct.
of Appeals v. Feldman*, 460 U.S. 462 (1983).

[21]*Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

[22]*Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 644 n.3 (2002).

[23]*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983).

3

(1) the claim's success depends on a finding that the state court was wrong, or (2) a favorable decision would effectively reverse the state court decision or void its ruling.[24]

Generally, the Rooker-Feldman Doctrine is confined to cases brought by state-court losers complaining about judgments that were rendered before a district court proceedings began.[25]  The U.S. Supreme Court made it clear that, when state and federal actions are pending simultaneously, Rooker-Feldman is not automatically triggered by a state-court judgment.  This is true because properly invoked concurrent jurisdiction does not disappear if a state court reaches judgment on the same or related claim while the case remains pending before a federal court.[26]  So, the Rooker-Feldman Doctrine may not be applicable in this case.

However, if the Rooker-Feldman Doctrine is inapplicable, a claim may be subject to claim preclusion -- this includes the doctrines of *res judicata* and collateral estoppel.[27]  Claim preclusion is not a jurisdictional question.  So, if there is subject-matter jurisdiction over claims that are independent of the state court judgment, then state law determines if the claim is precluded.[28]

---

[24]*Fielder v. Credit Acceptance Corporation*, 188 F.3d 1031, 1036 (8th Cir. 1999) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

[25]*Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005).

[26]*Id.*

[27]*Id.*

[28]*Id.* citing *GASH Associates v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

In Arkansas, claim preclusion bars relitigation of issues that were actually decided in the first suit and also those that *could have* been litigated, but were not.[29] A party is obligated to assert compulsory counterclaims or be precluded by *res judicata* from raising them in a subsequent action.[30]   When the case at bar is based on the same events and subject matter as the previous case, *res judicata* bars further litigation.[31]

## III.  Discussion

The Arkansas Supreme Court addressed the constitutional validity of school consolidation and school funding, and found that these plans passed constitutional muster.[32]

Plaintiffs assert that their present claims do not conflict with the Arkansas Supreme Court's decision in *Lake View School District v. State of Arkansas.*[33]   However, the question is whether the present claims are independent of the claims brought before the Arkansas Supreme Court, or *inextricably intertwined* with those claims.  If Plaintiffs establish that the present claims have an independent basis for jurisdiction, then the issue is whether the present claims could have been raised at the state level.

## IV.  Conclusion

In view of the above, Plaintiffs' Motion for a Ruling (Doc. No. 63) is GRANTED to the extent that it is interpreted as a Motion to Reopen this case.  Plaintiffs' Motion for a Rule 16

---

[29]*Arkansas Game & Fish Comm'n v. Lindsey*, 292 Ark. 314 (1987).

[30]*Id.*

[31]*Arkansas La. Gas Co. v. Taylor*, 314 Ark. 62 (1993).

[32]*Lake View School District No. 25*, No. 01-836, 2007 WL 1560547 (Ark. May 31, 2007).

[33]*Id.*

Status Hearing, a Trial Schedule, and to Amend the Complaint (Doc. No. 63) is DENIED; and

Plaintiffs' Motion for a Hearing (Doc. No. 68) is DENIED.  Defendants' Motion to Renew the

Motion to Dismiss (Doc. No. 69) is GRANTED.   This case is reopened for the purpose of

determining subject-matter jurisdiction and claim preclusion under the Full Faith and Credit

Statute.[34]

    Defendants may file supplemental pleadings by 5:00 p.m., Friday, October 26, 2007 and

Plaintiffs may file a supplemental response by 5:00 p.m., Friday, November 1, 2007.

    IT IS SO ORDERED this 11th day of October, 2007.


                                /s/Wm. R. Wilson, Jr.
                                UNITED STATES DISTRICT JUDGE

---

[34]28 U.S.C. § 1738.