UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

FRIENDS OF THE LAKEVIEW SCHOOL DISTRICT
INCORPORATION NO. 25 OF PHILLIPS COUNTY, et al.          PLAINTIFFS

v.                           No.  2:04CV184 WRW

MIKE HUCKABEE, in his official capacity,
as Governor of the State of Arkansas, et al.             DEFENDANTS

### STATE DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

On October 11, 2007, this Court entered its Order granting Plaintiffs' motion to reopen this litigation and Defendants' motion to renew their prior motion to dismiss (D.E.# 70).  The Court instructed that the pivotal question to the Court's jurisdiction is whether the present claims are *inextricably intertwined* with the claims Plaintiffs brought before the Arkansas Supreme Court in *Lake View Sch. Dist No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d 472 (2002)(hereinafter, "*Lake View*") (D.E.# 70).  Pursuant to this Court's most recent Order, Defendants submit their *Supplemental Brief in Support of Motion to Dismiss* and incorporate herein by reference their previous motion to dismiss and supporting brief filed on December 14, 2004 (D.E.#s 7-8).  Defendants' pleadings collectively establish that Plaintiffs' present claims are *inextricably intertwined* with those brought before the Arkansas Supreme Court in *Lake View* and are barred by (1) *Rooker-Feldman* and (2) the doctrine of *res judicata*.

**1.      Rooker-Feldman**

Since Defendants' Motion to Dismiss was filed in 2004, the United States Supreme Court has confined application of the *Rooker/Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings

1

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). *See also, Skit Int'l, Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007); *Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005). Although *Exxon Mobile* makes clear that the doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings, *see id*. at 1527, dismissal of Plaintiffs' complaint in the present matter is no less warranted.

Regardless of when the *Lake View* proceedings were final, the Plaintiffs' federal lawsuit was not commenced until after the Arkansas Supreme Court rendered its judgment on the claims Plaintiffs reassert in the present federal action. Plaintiffs first filed their federal lawsuit on October 25, 2004 (D.E.# 1)—four months after the Arkansas Supreme Court entered its decision regarding these same issues. *See Lake View School Dist. No. 25 v. Huckabee*, 358 Ark. 137, 140, 189 S.W.3d 1, 3 (2004). Although the Court later withdrew its final mandate and the *Lake View* litigation continued for another three years in order to address other issues pertaining to the State's public education system, Plaintiffs constitutional arguments regarding Acts 59 and 60 and the consolidation of the Lake View School District were not revisited by any party or the Court.

If the Supreme Court's decision on these issues is not considered final until the entire *Lake View* litigation was resolved in 2007, *Rooker-Feldman* still bars Plaintiffs' claims because the doctrine does not require a "final" state-court judgment on the merits to preclude jurisdiction. The Eighth Circuit has explained that *Rooker-Feldman* is broader than claim and issue preclusion in this regard. *See Charchenko v. City of Stillwater,* 47 F.3d 981, 983 n. 1 (8th Cir.1995). The *Rooker-Feldman* doctrine applies to attempted appeals of both "final" state court orders and state court orders that are "interlocutory" or otherwise not "final." *See In Re Goetzman*, 91 F.3d 1173 (8th Cir. 1996), *cert. denied*, 519 U.S. 1042 (1996). "Application of the

*Rooker-Feldman* doctrine does not depend on a final judgment on the merits of an issue . . . nor is there a procedural due process exception to the doctrine." *Id*.

In *Goetzman*, the Court held, "If the state trial court erred in the extent it addressed the issue the [plaintiffs] are now pressing, relief was available in the appellate courts of [the state]. None being forthcoming, the plaintiffs cannot now bring an action in federal court which would effectively reverse the state court decision or void its ruling." *Goetzman*, 91 F.3d at 1178 (internal citations omitted)).  Similarly, in the matter *subjudice*, if the Arkansas Supreme Court truly erred with regard to Plaintiffs' constitutional claims, relief was available through *certiorari* review to the United States Supreme Court.  *See Rule 19 of the Rules of the Supreme Court of the United States*; *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  Plaintiffs never applied for *certiorari* review of any of the Arkansas Supreme Court's decisions and cannot now bring an action in federal court which would effectively reverse the State court's decisions or void its rulings.

Even if the application of *Rooker-Feldman* required a judgment on the merits from a state court to be final before the commencement of a federal lawsuit, Plaintiffs' Complaint should still be dismissed because it was administratively terminated by the Honorable Judge George Howard Jr. on September 26, 2005 (D.E.# 45).  It was not reopened until after Plaintiffs filed their Motion for a Ruling on June 29, 2007—29 days after the final mandate was issued in the *Lake View* litigation on May 31, 2007.  *Lake View Sch. Dist No. 25 v. Huckabee, et al.*, No. 01-836, 2007 WL 1560547 (Ark. May 31, 2007).  Therefore, Plaintiff's federal action was not commenced until after the state-court judgment was entered in *Lake View*.

Plaintiffs' present claims are *inextricably intertwined* with those brought before the Arkansas Supreme Court in *Lake View* because their success in this lawsuit would void the

determination by the State's highest court that its public education system is constitutional. It is undisputed that the Plaintiffs in this case were plaintiffs in *Lake View*, the long-running state-court litigation challenging the constitutionality (under both state and federal law) of Arkansas's public school system[1] (D.E.# 8, Ex. A). It is also indisputable that Plaintiffs raised the same constitutional arguments in *Lake View* that they assert in this lawsuit. *See* Plaintiffs' *Objection to Masters' Report, Recommendations, Motion for Sanctions, Attorneys Fees and Costs* filed in *Lake View* on April 22, 2004, attached hereto as Exhibit B.

In 2004, Plaintiffs specifically objected to the Special Masters' report on the basis that it failed to conclude that "Act 60 violated the voting rights laws and cases by diluting representation" and "violates equal protection because it fails to provide for the orderly transfer or retention of personnel." Ex. B, p. 2. Plaintiffs further requested that the Arkansas Legislature should be "ordered to reconvene in special session within 45 days and repeal Act 60 as unconstitutional and a violation of equal protection and voting rights." Ex. B, p.2.

Plaintiffs' claims attacking the constitutionality of Acts 59 and 60 and the consolidation of the Lake View School District were raised, briefed, and rejected by the Court in its June 18, 2004 decision. *See Lake View*, 358 Ark. at 140, 156-58, 189 S.W.3d at 3, 14-15. The Arkansas Supreme Court concluded that the Acts passed by the General Assembly in 2003, including Acts 59 and 60, adequately addressed the Arkansas Supreme Court's November, 2002, decision with respect to the constitutionality of the State's public education system. *Id*. The Arkansas Supreme Court's determination that the State's public education system was constitutional was premised

---

[1] Plaintiffs were granted class action status in *Lake View*. The class included "all public school districts in the State of Arkansas; all students and parents of students in all public school districts in the State of Arkansas; all members of the Board of Directors of all public school districts in the State of Arkansas; and all taxpayers, regardless of residence or domicile, who have paid taxes which were levied for the purpose of supporting public schools in the State of Arkansas" (D.E.# 8, Ex. A).

upon the conclusion that Act 60's administrative consolidation was not only lawful, but necessary for the State to meet its constitutional obligations with regard to the State's public education system.[2]  *Id*. at 151-60.

As this Court notes in its recent Order, claims that are decided by the state court and claims that are inextricably intertwined with a state-court decision are barred under *Rooker-Feldman*.  *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).  A claim is inextricably intertwined if its success depends on a finding that the state court was wrong or would effectively reverse or void the state court's ruling.  *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1036 (8th Cir. 1999).  The doctrine bars both straight forward and indirect attempts by a plaintiff to "undermine state court decisions."  *Prince v. Ark. Bd. of Examiners in Psychology*, 380 F.3d 337 (8th Cir. 2007)(*quoting Lemonds v. St. Louis Co.*, 222 F.3d 488, 492 (8th Cir. 2000).

The viability of Acts 59 and 60 were the foundation of the Arkansas Supreme Court's determination that the State complied with its obligation to provide Arkansas children with an adequate and substantially equal education.  *See id*.  Plaintiffs' claims in the present matter are *inextricably intertwined* with the decisions in *Lake View* in that their success in this lawsuit would effectively void the Arkansas Supreme Court's determination that the State's public education system is constitutional.  In fact, it would render the system unconstitutional and demand additional legislative action and relitigation to repair the funding deficiencies created by a judgment in Plaintiffs' favor.  Therefore, the *Rooker-Feldman* doctrine precludes Plaintiffs

---

[2] Act 59 of 2003 (Second Extra. Sess.) has since been superseded by subsequent legislation, most recently Acts 272 and 273 of 2007 (Reg. Sess.).  Accordingly, Plaintiffs' challenges to the constitutionality of this Act are now moot.

from recasting their claims in federal court to overturn the Arkansas Supreme Courts' decision in *Lake View*.

**2.      Res Judicata**

The doctrine of *res judicata* encompasses two distinct concepts of issue and claim preclusion.  Issue preclusion provides that "a decision by a court of competent jurisdiction on matters which were at issue, and which were directly and necessarily adjudicated, bars any further litigation on those issues by the plaintiff or his privies against the defendant or his privies on the same issue." *Mason v. State*, 361 Ark. 357, 367, 868 S.W.2d 89 (2005).  Claim preclusion provides that "a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim." *Id.* (*citing Searcy v. Davenport*, 352 Ark. 307, 100 S.W.3d 711 (2003)).

*Res judicata* bars not only the relitigation of issues that were actually decided in the first suit, but also those which could have been litigated, but were not.  *Searcy*, 352 Ark. at 310, 100 S.W.2d 3d at 713. Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.  *Huffman v. Alderson*, 335 Ark. 411, 415, 983 S.W.2d 899, 901 (1998).  *See also*, *Banks v. Int'l Union Electronic, Elec., Tech., Salaried, Mach. Workers*, 390 F.3d 1049 (8th Cir. 2004).

These common law doctrines exist to promote the finality of judgments and to prevent the relitigation of issues already decided. *Id; see also Brown v. Felsen,* 442 U.S. 127, 131 (1979). As such, they are rules of "fundamental and substantial justice," because by permitting contested matters to achieve a state of repose, *res judicata* encourages reliance on adjudication, bars vexatious litigation, and promotes economy of judicial resources.  *Hart Steel Co. v. R.R. Supply*

*Co.,* 244 U.S. 294, 299, (1917); *Allen v. McCurry,* 449 U.S. 90 (1980); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979).  Both issue and claim preclusion apply to this case.

Plaintiffs and their counsel are intimately aware that almost every aspect of the State's public education system was comprehensively litigated by the parties and intensely scrutinized by the State's highest court for nearly fifteen years.  *See Lake View Sch. Dist. No. 25 v. Huckabee, et al.*, 364 Ark. 398, ___ S.W.3d ___ (2005); *Lake View 2004*, 358 Ark. 137, 189 S.W.3d 1 (2004); *Lake View 2002*, 351 Ark. 31, 91 S.W.3d 472 (2002); *Lake View 2000*, 340 Ark. 481, 10 S.W.3d 892 (2000); *Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996). Regardless of how broadly Plaintiffs' claims in the present lawsuit are construed and even if they were not specifically litigated in the *Lake View* proceedings, Plaintiffs cannot deny that they had more than an adequate opportunity to raise them in that lawsuit.  As a result, such claims are barred by *res judicata*.

It is difficult to imagine a case where *res judicata* could more clearly apply.  These same parties, with the same attorneys, litigated these same issues in the *Lake View* proceedings in state-court.  The Plaintiffs directly participated and argued the same claims they raise before this Court.  If this suit is not barred "then one citizen after another might institute a suit for himself and others against the [State], and if the judgment in one suit was not a bar, this could continue until every citizen in the state had brought suit." *Carwell Elevator Co., Inc v. Leathers*, 352 Ark. 381, 389, 101 S.W.3d 211 (2003).  Plaintiffs' Complaint should be dismissed based on *res judicata* because these Plaintiffs have already unsuccessfully litigated these issues in the *Lake View* litigation.

        Respectfully submitted,

        DUSTIN McDANIEL
        ATTORNEY GENERAL

By:   /s/ Matthew B. McCoy
       MATTHEW B. McCOY, Bar No. 2001165
       Assistant Attorney General
       323 Center Street, Suite 1100
       Little Rock, AR  72201-2610
       (501) 682-1319 direct
       (501) 682-2591 facsimile
       Email: matthew.mccoy@arkansasag.gov

       COUNSEL FOR STATE DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Jimmie L. Wilson
Attorney at Law
521 Plaza Street
West Helena, AR  72390
attorneyjlwilson@suddenlinkmail.com

William Clay Brazil
Brazil, Adlong & Winningham, PLC
1315 Main Street
Conway, AR 72034
(501) 327-4457
bamo@conwaycorp.net

       /s/ Matthew B. McCoy