SUPREME COURT OF ARKANSAS

LAKE VIEW SCHOOL DISTRICT NO. 25
OF PHILLIPS COUNTY, ARKANSAS, et al,   **APPELLANTS,**

VS.                     NO. 01-836

GOVERNOR MIKE HUCKABEE, et al,   **APPELLEES.**

### OBJECTION TO MASTERS REPORT, RECOMMENDATIONS, MOTION FOR SANCTIONS, ATTORNEYS FEES AND COSTS

Comes now the Appellant class of citizens, taxpayers and school districts, and for its Objections, Recommendations, Request for Sanctions, Attorney Fees and Costs states as follows, pursuant to Ark. R. Civ. P. 6(c) and 53(e)(2) (2003):

### I. OBJECTION

1. The Appellants object to the Special Masters Report for their failure to inform the Court of the unconstitutionality of Act 60 and their failure to recommend the immediate repeal of Act 60 because consolidation does nothing to further the *Lake View III* mandate.

Their report recognized that consolidation was not mandated, or even mentioned in the *Lake View III* decision. The report did mention that it is possible that consolidation would save money by enabling larger classes which could result in more money for teacher salaries; their report states that to consolidate 19% of our 308 school districts to be "dramatic." (MR 9) But, the report gives short shrift to the human cost of consolidation, displaced students and teachers, distant classes and other activities, teacher dismissal issues, contracts required to be paid without classes to monitor, vacant and decaying school buildings, lost of identity of the areas, but most importantly that Act 60 violates voting rights laws and cases by diluting representation. Act 60



violates equal protection because it fails to provide for the orderly transfer or retention of personnel. Only two or three percentage points of the overall student population are affected by consolidation in Arkansas under Act 60, while causing some small communities to "wither on the vine" as a result. (MR 8) The report points out that nothing in Act 60 requires the closing of any school meanwhile 57 School Districts are certainly going in that direction. Consolidation will not realize any savings for the state as anticipated and in fact will likely increase the overall cost of education in Arkansas.

## II. RECOMMENDATIONS

1. That the Arkansas Legislature should be Ordered to reconvene in special session within 45 days and repeal Act 60 as unconstitutional and a violation of equal protection and voting rights.

2. That the Arkansas Legislature should be Ordered to appropriate funds to fully implement the Adequacy Study and fund it immediately, terminating or ceasing to fund all non-constitutionally mandated expenditures until sufficient funds are escrowed to implement and fully fund the Adequacy Study.

3. That the Court should retain jurisdiction over this cause of action until full implementation of the *Lake View III* decision has been realized.

4. That the Court should put in place a monitoring apparatus to insure compliance with its Orders and insure that all unfunded mandates are funded and that none of these mandates, once funded are then repealed later. That which has been given by the General Assembly may be taken away by the General Assembly. (MR 12)

5. That the state be required to fully cooperate within the monitoring apparatus and that the state should be Ordered to pay for same in all its components.

6. That early childhood education should be declared a fundamental right under the Arkansas Constitution.

7. That the competitive-grant system of distributing some types of school funding in Arkansas should be abolished as unequitable.

8. That a uniform overall teacher salary system, not merely minimum starting salary, be instituted in such a way that two (2) comparably educated teachers in the same field of instruction, with equal seniority, in any two school districts in the state, are paid on the same scale. This will curb teacher migration between districts, and between states and regions and ultimately proceed toward adequacy and equity.

9. That the facilities assessment must also be monitored to insure compliance in a timely manner. Facilities assessment should specifically include school buildings, as well as all other teacher and student equipment, as well as computers, labs and instructional materials. The facilities assessment list is not as inclusive in its scope. (MR Question 5, 1-4)

### III. SANCTIONS

1. That the state was in contempt of this Court's decision on January 1, 2004. If it had not been for the Motion for Contempt by Appellants this case likely would have been over, since this Court had already stated as much. The system could not be completely reformed, even if more had been done in that direction, prior to the deadline of January 1, 2004, because the important changes will take time to implement and more time to assess after they have been implemented. (MR 11-12) The state should receive appropriate sanctions for these failures.

2. That the state did not comply with the recommendations of the Joint Committee on Adequacy, in several respects, i.e., the Study recommended $100 million for early childhood education, but the legislature appropriated $40 million.

## IV. ATTORNEYS' FEES AND LITIGATION COSTS

That the Lake View Appellants continue to have prevailing party status in this cause of action. This status is the law of the case. *Lake View III*. In addition, because of the consensus that the Appellees failed to comply by January 1, 2004, the Appellant class has again prevailed on the merits in several areas, including on the question of whether the state Appellees had put in place an adequate and equitable school finance system therefore augmenting its prevailing party status. *Little Rock School District and Pulaski County Special School District v. State of Arkansas*, 127 F.3d 693 (1997)

This Court, in its *Lake View III* decision, put forth a directive for the State to comply with. One of the recommendations herein was that the Court Order a monitoring apparatus be put in place by the state appellees, but that is why we are here now. The monitoring of the state's attempts at addressing the decision, or lack thereof, was the very basis for the January 2, 2004 Motion for Contempt. And, as stated in *Little Rock School District and Pulaski County Special School District v. State of Arkansas*, supra,

> "Monitoring implementation of the remedy is a crucial part of the Plaintiffs' function in these cases."

The touchstone of a prevailing party inquiry is whether actual relief on the merits materially alter the parties legal relationship by modifying a defendants behavior in a way that directly benefits a plaintiff. *Little Rock School District v. Pulaski County Special School*

*District*, 17 F.3d 260 (1994)

WHEREFORE, the Appellants request that the Court find that the state has failed to comply with the *Lake View III* decision, Order the immediate repeal of Act 60, Order that the Adequacy Study be fully funded, Order that sufficient funds be escrowed, to the detriment of other agencies of the state, if necessary, to fully fund the Adequacy Study, Order that a monitoring apparatus be put in place, Order the state to pay cost and attorney fees and for all other relief to which the Appellants may be entitled.

Respectfully submitted,

Roy C. "Bill" Lewellen
17 Poplar St.
Marianna, AR 72360
(870) 295-2764
FAX  (870) 295-6836

Don Trimble
1124 Dr. Martin Luther King Jr. Drive
Little Rock, AR 72202
(501) 376-8024
FAX  (501) 376-8824

E. Dion Wilson
423 Rightor Street
Helena, AR 72342
(870) 338-6487
FAX  (870) 338-8030

By _____
Don Trimble

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been placed in the U.S. Postal Service, with postage sufficient to effectuate delivery thereof, and addressed to the following:

WILLIAM & ANDERSON, PLC
ATTN: Phillip Anderson
111 Center Street, 22nd Floor
Little Rock, AR 72201

LAVEY and BURNETT
ATTN: John Burnett
P.O. Box 2567
Little Rock, AR 72203-2567

KAPLAN, BREWER, MAXEY,
& HARALSON, P.A.
ATTN: Regina Haralson
415 Main Street
Little Rock, AR 72201

FRIDAY, ELDREDGE & CLARK
ATTN: Christopher Heller
400 West Capitol, Suite 2000
Little Rock, AR 72201

Clayton R. Blackstock
P.O. Box 1510
Little Rock, AR 72203-1510

Honorable Collins Kilgore
Pulaski County Circuit, 13th Div.
401 W. Markham Street, Room 330
Little Rock, AR 72201

on this 22nd day of April, 2004.

AR ATTORNEY GENERAL
ATTN: Timothy Gauger, Senior Asst.
323 Center Street, Suite 1100
Little Rock, AR 72201

DUDLEY & COMPTON
ATTN: Cathleen V. Compton
114 South Pulaski Street
Little Rock, AR 72201

MATTHEWS, CAMPBELL, RHOADS,
McCLURE, THOMPSON & FRYAUF
ATTN: David Matthews
119 South Second Street
Rogers, AR 72756

BARRETT & DEACON
ATTN: D. P. Marshall
P.O. Box 1700
Jonesboro, AR 72403

James Leon Holmes
111 Center Street, Suite 1850
Little Rock, AR 72201

Thompson & Llewellyn
ATTN: James M. Llewellyn
Post Office Box 818
Fort Smith, AR 72902

_____
Don Trimble