# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 08-2161
_____

| | | |
|---|---|---|
| Friends of Lake View School District Incorporation No. 25 of Phillips County; Henrietta Wilson, individually and in her capacity as an elected member of the Lake View School Board of Directors, a taxpayer, a patron, and next of kin of Will Henry Kyle Wilson; Linell Lewis, a Lake View School District taxpayer and next of kin of Linell Lewis, Trinell Lewis, and Shacoria Lewis; Dwight Swanigan, a Lake View School District taxpayer; Connie L. Burks-Wilkins, next of kin of Theaurty Griffin, Raina Burks, and Wayne Burks; Gussie Martin, a resident, taxpayer, and patron, | * * * * * * * * * * * * * * * * | |
| Appellants, | * * | |
| v. | * * | |
| Mike Beebe,[1] in his official capacity as Governor of the | * * | Appeal from the United States District Court for the Eastern District of Arkansas. |

_____

[1]Mike Beebe became Governor of Arkansas on January 9, 2007, and is automatically substituted for his predecessor, Governor Mike Huckabee. *See* Fed. R. App. P. 43(c)(2).

| | |
|---|---|
| State of Arkansas; Diana Julian,[2] in her official capacity as Interim Commissioner of the Arkansas Department of Education; the Arkansas State Board of Education, including its individual members in their official capacities; State of Arkansas, | * * * * * * * * * * |
| Appellees. | * |

Submitted: April 14, 2009
Filed: August 25, 2009

———————

Before WOLLMAN, MELLOY and GRUENDER, Circuit Judges.

———————

GRUENDER, Circuit Judge.

On May 28, 2004, the Arkansas State Board of Education ordered the consolidation of the Lake View School District with the Barton-Lexa School District under "Act 60," a law enacted by the Arkansas General Assembly in its Second Extraordinary Session of 2003.[3] Act 60 required school districts with an "average

---

[2]Diana Julian became Interim Commissioner of the Arkansas Department of Education on July 1, 2009, and is automatically substituted for Kenneth James, the former Commissioner of the Arkansas Department of Education. *See* Fed. R. App. P. 43(c)(2).

[3]The student population of the former Lake View School District was composed almost entirely of African-American students (163 African-American students compared to one white student). Meanwhile, the student population of the former Barton-Lexa School District was approximately 25 percent African-American and 75

-2-

daily membership" of fewer than 350 students to be consolidated with or annexed by another school district.  After the Board's consolidation order took effect, the plaintiffs in this action (collectively, "Friends of Lake View") sued the Governor of Arkansas, the Commissioner of the Arkansas Department of Education, the Arkansas State Board of Education, and the State of Arkansas, alleging numerous violations of federal and state law.  Friends of Lake View appeal the district court's[4] grant of the defendants' motion to dismiss.  For the following reasons, we affirm.

I.    BACKGROUND

On June 18, 2004, the Arkansas Supreme Court issued its opinion in *Lake View School District No. 25 v. Huckabee* (*Lake View 2004*), 189 S.W.3d 1 (Ark. 2004), the latest iteration in a series of cases dealing with the financing of public education in Arkansas.[5]  The court had previously held that the state's public education system did not meet the requirements of the Arkansas Constitution, including the "absolute duty . . . to provide an adequate education to each school child." *Lake View Sch. Dist. No. 25 v. Huckabee* (*Lake View 2002*), 91 S.W.3d 472, 495 (Ark. 2002).  In *Lake View 2004*, the court found that the Arkansas General Assembly and the Arkansas Department of Education had complied with the court's order in *Lake View 2002* by taking significant remedial action.  *See Lake View 2004*, 189 S.W.3d at 3-17.  Accordingly, the Arkansas Supreme Court released jurisdiction over the litigation and ordered its mandate to issue.  *Id.* at 17.

---

percent white.  After the consolidation, the student population of the new Barton-Lexa School District was approximately 38 percent African-American and 62 percent white.

[4]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[5]We refer to these cases collectively as "the *Lake View* litigation," and to each of the Arkansas Supreme Court's opinions by year.

On October 25, 2004, Friends of Lake View sued in federal court, seeking declaratory and injunctive relief, as well as damages, restitution, and attorney's fees. Although the complaint included eleven separate causes of action, the only claim that Friends of Lake View address on appeal challenges the constitutionality of Act 60 under the Fourteenth Amendment.

On June 9, 2005, the Arkansas Supreme Court recalled its mandate in the *Lake View* litigation and appointed special masters to evaluate whether Governor Huckabee and the other defendants had complied with the court's previous orders. *Lake View Sch. Dist. No. 25 v. Huckabee* (*Lake View 2005*), 220 S.W.3d 645, 646-47 (Ark. 2005). Thereafter, the district court denied Friends of Lake View's motion for a preliminary injunction to prevent the defendants from implementing Act 60. *Friends of Lakeview Sch. Dist. Incorporation No. 25 v. Huckabee*, No. 2:04-cv-00184, slip op. at 15 (E.D. Ark. Aug. 26, 2005). While both sides insisted that this action did not involve the same issues as the state-court proceedings, the district court announced that it would abstain from taking "further action" under the *Younger* doctrine,[6] "pending completion of the proceedings before the Arkansas Supreme Court." *Id.* at 14-16.

The Arkansas Supreme Court stayed the issuance of its mandate until December 1, 2006. *Lake View 2005*, 220 S.W.3d at 657. On November 30, 2006, the court stayed the issuance of its mandate for another 180 days. *Lake View Sch. Dist. No. 25 v. Huckabee* (*Lake View 2007*), 257 S.W.3d 879, 879 (Ark. 2007). Finally, on May 31, 2007, the Arkansas Supreme Court concluded that Arkansas's "system of public-school financing is now in constitutional compliance" and ordered its mandate to issue. *Id.* at 883.

---

[6]*See Younger v. Harris*, 401 U.S. 37 (1971).

On October 11, 2007, the district court "reopened" this case for the limited purpose of "determining subject-matter jurisdiction and claim preclusion under the Full Faith and Credit Statute [28 U.S.C. § 1738]." *Friends of Lakeview Sch. Dist. Incorporation No. 25 v. Huckabee*, No. 2:04-cv-00184, 2007 WL 3005336, at *2 (E.D. Ark. Oct. 11, 2007). The defendants moved to dismiss for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[7] The defendants argued in the alternative that some of the claims raised in Friends of Lake View's complaint were barred by sovereign immunity and that other claims were barred by the preclusive effect of the *Lake View* litigation before the Arkansas Supreme Court.

On April 8, 2008, the district court granted the defendants' motion to dismiss. In lieu of issuing a full opinion, the district court adopted a "well-reasoned order" issued by a different judge in a different case. *Friends of Lakeview Sch. Dist. Incorporation No. 25 v. Huckabee*, No. 2:04-cv-00184, 2008 WL 961576, at *1 (E.D. Ark. Apr. 8, 2008) (adopting *Friends of Eudora Pub. Sch. Dist. v. Beebe*, No. 5:06-cv-00044, 2008 WL 828360 (E.D. Ark. Mar. 25, 2008)). Friends of Lake View appeal.

## II.  DISCUSSION

We review de novo a district court's decision to grant a motion to dismiss. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 222 (2008). The reviewing court must accept as true all factual allegations set out in the complaint. *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). An action may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted. *Schaaf*, 517 F.3d at 549.

---

[7]*See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

-5-

At the outset, we note that Friends of Lake View object to the manner in which the district court dismissed this action. To be sure, *Friends of Eudora* involved many of the same issues that were raised in the present case, including the *Rooker-Feldman* doctrine, issue and claim preclusion, failure to state a claim upon which relief can be granted, and sovereign immunity. On the other hand, *Friends of Eudora* involved different parties, different facts, a different procedural history, some different claims, and some different arguments. As a result of those differences, some of the court's reasoning in *Friends of Eudora* was plainly inapplicable here.[8] Nevertheless, we find that a remand is not warranted in this instance because we may affirm the district court's grant of the defendants' motion to dismiss "on any basis supported by the record," *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citing *Migliaccio v. K-tel Int'l, Inc.* (*In re K-tel Int'l Inc. Sec. Litig.*), 300 F.3d 881, 889 (8th Cir. 2002)).

We turn next to the defendants' argument that the district court lacked subject-matter jurisdiction over this action due to the operation of the *Rooker-Feldman* doctrine. The "basic theory" of the *Rooker-Feldman* doctrine is "that only the United States Supreme Court has been given jurisdiction to review a state-court decision," so federal district courts generally lack subject-matter jurisdiction over "attempted appeals from a state-court judgment." 18B Charles Alan Wright et al., *Federal Practice and Procedure* § 4469.1, at 97, 101 (2d ed. 2002); *see Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005). The Supreme Court has made clear that the *Rooker-Feldman* doctrine occupies a "narrow ground." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). More specifically, the Court held in *Exxon Mobil* that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by

---

[8]For example, the court in *Friends of Eudora* held that the plaintiffs lacked standing to challenge the constitutionality of Act 60 because the Eudora School District was annexed by another school district under Arkansas's fiscal distress statutes. *Friends of Eudora*, 2008 WL 828360, at *4. Here, by contrast, the Lake View School District was consolidated with (rather than annexed by) the Barton-Lexa School District under Act 60 (rather than Arkansas's fiscal distress statutes).

-6-

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Id.*  And we have held that "the *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Simes v. Huckabee*, 354 F.3d 823, 830 (8th Cir. 2004); *see also Riehm v. Engelking*, 538 F.3d 952, 964-65 (8th Cir. 2008).

Friends of Lake View do not claim to be aggrieved by the outcome of the *Lake View* litigation; hence, this action is not an attempt to appeal from an adverse state-court judgment.  Friends of Lake View instead complain of injuries resulting from the consolidation of the Lake View School District under Act 60.  That fact alone would seem to foreclose the defendants' argument that the *Rooker-Feldman* doctrine applies. *See Exxon Mobil*, 544 U.S. at 284; *see also Riehm*, 538 F.3d at 965.

Still, the defendants contend that Friends of Lake View's challenge to the constitutionality of Act 60 was "raised, briefed, and rejected" in *Lake View 2004*, so a federal judgment in favor of Friends of Lake View would effectively overrule the Arkansas Supreme Court's contrary decision.[9]  While the constitutionality of Act 60 does appear to have been raised and briefed in *Lake View 2004* by the Lake View School District, the Arkansas Supreme Court did not decide the issue one way or the other.  Instead, after noting that the Lake View School District had asked the court to retain jurisdiction in order to declare Act 60 unconstitutional, *Lake View 2004*, 189 S.W.3d at 15, the court released jurisdiction and ordered its mandate to issue without addressing the claim on the merits, *id.* at 15-17.  This too would seem to foreclose the

___

[9]We note that the *Rooker-Feldman* doctrine does not oust subject-matter jurisdiction when a nonparty to a completed state-court proceeding later brings a federal action.  *See Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994); *Riehm*, 538 F.3d at 965.  The nonparty exception apparently does not apply in this case, however, because Friends of Lake View have not disputed the defendants' assertion that they were joined as plaintiffs in the *Lake View* litigation.

defendants' argument that the *Rooker-Feldman* doctrine applies. *See Simes*, 354 F.3d at 830; *Riehm*, 538 F.3d at 964-65.

The defendants suggest, however, that the Arkansas Supreme Court implicitly decided that Act 60 comported with the Fourteenth Amendment, since the court could not otherwise have "determin[ed] that the State complied with its obligation to provide Arkansas's children with an adequate and substantially equal education." But the state's obligation to provide an adequate and substantially equal education arises under Article 14 of the Arkansas Constitution, not the Fourteenth Amendment to the United States Constitution. *See Lake View 2002*, 91 S.W.3d at 495 ("[W]e conclude that the clear language of Article 14 imposes upon the State an absolute constitutional duty to educate our children . . . ."); *id.* ("The critical point is that the State has an absolute duty under our constitution to provide an adequate education to each school child."). Thus, the Arkansas Supreme Court's determination that the state was in substantial compliance with its obligations under state law says nothing about the constitutionality of Act 60 under federal law. Moreover, the Arkansas Supreme Court's outright refusal to retain jurisdiction "to serve as a watchdog agency" or "a brooding superlegislature," *Lake View 2004*, 189 S.W.3d at 16, leaves no doubt that the court did not decide, sub silentio, an important question of federal constitutional law. Accordingly, we conclude that the *Rooker-Feldman* doctrine did not preclude the district court from exercising subject-matter jurisdiction over this action.

The defendants argue in the alternative that Friends of Lake View's claims are barred by the preclusive effect of the *Lake View* litigation before the Arkansas Supreme Court. To address this argument we consider Arkansas law, for the Full Faith and Credit Act provides that a state-court judgment must be given the "full faith and credit" in federal courts that it would have in the state's own courts. *See* 28 U.S.C. § 1738; *see also Butler v. City of N. Little Rock*, 980 F.2d 501, 503 (8th Cir. 1992) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982)). Arkansas courts

recognize both issue preclusion, formerly known as collateral estoppel, and claim preclusion, formerly known as res judicata.

Issue preclusion "bars the relitigation of issues of law or fact actually litigated by the parties in the first suit." *Williams v. Marlar* (*In re Marlar*), 267 F.3d 749, 754 (8th Cir. 2001) (quoting *Robinson v. Buie*, 817 S.W.2d 431, 433 (Ark. 1991)). This rule applies only if the relevant issue was previously "determined by a valid and final judgment" and "the determination . . . [was] essential to the judgment." *State Office of Child Support Enforcement v. Willis*, 59 S.W.3d 438, 444 (Ark. 2001). As we explained above, the Arkansas Supreme Court did not decide, explicitly or implicitly, whether Act 60 violated the Fourteenth Amendment. It follows that Friends of Lake View's Fourteenth Amendment claim is not barred by issue preclusion.

Claim preclusion "bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action," provided that the previous case or controversy resulted in "a valid and final judgment rendered on the merits by a court of competent jurisdiction." *Marlar*, 267 F.3d at 754 (quoting *Robinson*, 817 S.W.2d at 432). This rule applies against a party "only when the party had a fair and full opportunity to litigate the issue in question." *Huffman v. Alderson*, 983 S.W.2d 899, 901 (Ark. 1998); *see also* 18 Wright et al., *supra*, § 4412, at 308 ("A second action may be permitted, rejecting claim preclusion, if the plaintiff specifically attempted to advance all theories in the first action but was rebuffed as to the matter advanced in the second action."). By 2004, the overriding question in the *Lake View* litigation was whether the state defendants had complied with the Arkansas Supreme Court's previous orders, which required the court to determine whether the state was in compliance with its obligation to provide an adequate and substantially equal education under the Arkansas Constitution. This case, by contrast, involves a federal cause of action and a federal constitutional claim, which the Arkansas Supreme Court

-9-

simply did not address in the *Lake View* litigation. Thus, we are not convinced that both cases involve "the same claim or cause of action."[10]

The defendants assert that Friends of Lake View's Fourteenth Amendment claim "could have and properly should have been raised" (and, presumably, decided) in the *Lake View* litigation. But the defendants' assertion depends on a false premise—that "almost every aspect of the State's public education system was comprehensively litigated by the parties [in the *Lake View* litigation] and intensely scrutinized by the Special Masters." As we noted above, the Arkansas Supreme Court declined to consider the constitutionality of Act 60 under the Fourteenth Amendment and expressly rejected the parties' invitation to retain jurisdiction and "serve as a watchdog agency" or "a brooding superlegislature." *Lake View 2004*, 189 S.W.3d at 16. We conclude that Friends of Lake View's Fourteenth Amendment claim is not barred by claim preclusion.

The dispositive question therefore becomes whether the complaint in this action stated a claim upon which relief can be granted. The only claim that Friends of Lake View address on appeal challenges the constitutionality of Act 60 under the Fourteenth Amendment. Consequently, Friends of Lake View have abandoned the other state and federal claims raised in their complaint. *See Fenney v. Dakota, Minn.*

---

[10]Even if it were merely "doubtful" whether this case involves the same claim or cause of action as the *Lake View* litigation, Arkansas law instructs that claim preclusion does not apply when "two actions rest upon different set[s] of facts." *Hamilton v. Ark. Pollution Control & Ecology Comm'n*, 969 S.W.2d 653, 657 (Ark. 1998) (quoting *Thornbrough v. Barnhart*, 340 S.W.2d 569, 571 (Ark. 1960)). Unlike the *Lake View* litigation, which rested on the alleged noncompliance with state law throughout the Arkansas public education system, this action rests on a discrete event—the consolidation of the Lake View School District with the Barton-Lexa School District under Act 60.

-10-

Case 2:04-cv-00184-BRW Document 94 Filed 08/25/09 Page 11 of 19

*& E. R.R.*, 327 F.3d 707, 712-13 (8th Cir. 2003).[11]  Regarding their Fourteenth Amendment claim, Friends of Lake View make two principal arguments, both of which are without merit.

First, Friends of Lake View contend that Act 60 is subject to strict scrutiny because education is a fundamental right under Arkansas law.  But Arkansas law does not control the level of scrutiny, since Friends of Lake View's claim arises under the Fourteenth Amendment.  As Friends of Lake View acknowledge, the Supreme Court has rejected the proposition that education is a fundamental right under the Fourteenth Amendment, *see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 34-35 (1973), so we conclude that strict scrutiny review is not triggered merely because Act 60 affects public education.

Second, Friends of Lake View contend that Act 60 is subject to strict scrutiny because Act 60 is a racial classification.  To this end, Friends of Lake View repeatedly invoke the Supreme Court's decision in *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701 (2007).  There, the Court reviewed under strict scrutiny student-assignment plans adopted by school districts in Seattle and Louisville that classified students by race.  *See id.* at 709-11, 718-20.  Unlike the student-assignment plans at issue in *Parents Involved*, however, Act 60 is facially neutral:  it classifies school districts (not persons) based on their average daily membership, regardless of the racial composition of the districts' student population.  Thus, Friends of Lake View's almost exclusive reliance on *Parents Involved* is misplaced.

---

[11]Friends of Lake View seek to preserve their other claims by declaring that they "will rely on pleading [sic] and motions filed below."  We find that this is insufficient to overcome our general rule that "an issue not raised or briefed in this court [is] waived." *See Berryhill v. Schriro*, 137 F.3d 1073, 1075 n.2 (8th Cir. 1998) (quoting *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1307 n.3 (8th Cir. 1997)).

-11-

A facially neutral law such as Act 60 is reviewed under strict scrutiny "only if it can be proved that the law was 'motivated by a racial purpose or object,' or if it is 'unexplainable on grounds other than race.'" *Hunt v. Cromartie*, 526 U.S. 541, 546 (1999) (internal citation omitted) (quoting *Miller v. Johnson*, 515 U.S. 900, 913 (1995), and *Shaw v. Reno* (*Shaw I*), 509 U.S. 630, 644 (1993)). Friends of Lake View do not identify (and we have not independently located) any factual allegations in the complaint that might prove that the facially neutral classification scheme embodied in Act 60 was motivated by a racially discriminatory purpose or that the scheme is unexplainable on grounds other than race. Friends of Lake View did allege that the defendants "knew" that most "African-American school districts" would be eliminated through consolidation under Act 60. But in this context, an allegation of disproportionate impact "is only relevant to the extent that it 'reflects a discriminatory purpose.'" *Ricketts v. City of Columbia*, 36 F.3d 775, 781 (8th Cir. 1994) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)). Since a discriminatory purpose requires "more than a mere 'awareness of the consequences,'" *id.* (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)), Friends of Lake View's allegation of disproportionate impact is insufficient to state a claim upon which relief can be granted.[12]

---

[12]We have found nothing in the record to indicate that this is one of those exceedingly rare cases in which "a clear pattern, unexplainable on grounds other than race, emerges from the effect of the state action even [though] the governing legislation appears neutral on its face," *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). *Cf. Ricketts*, 36 F.3d at 781 ("[I]n only a few cases, where a facially neutral policy impacted exclusively against one suspect class and that impact was unexplainable on neutral grounds, has the impact alone signalled a discriminatory purpose." (citing *Gomillion v. Lightfoot*, 364 U.S. 339 (1960); *Yick Wo v. Hopkins*, 118 U.S. 356 (1886))). On the contrary, the Arkansas Department of Education's enrollment data for consolidated school districts show that Act 60 has resulted in the consolidation of small, majority-white school districts as well as the consolidation of small, majority-African-American school districts. *See State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("Some materials that are part of the public record . . . may be considered by a court

Friends of Lake View also asserted that the selection of 350 students as the cutoff for consolidation was "arbitrary" and that the defendants targeted the Lake View School District for "destruction." However, those are mere "labels and conclusions." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As we recently noted in a case involving civil rights claims, "[w]hile a plaintiff need not set forth 'detailed factual allegations' or 'specific facts' that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555 & n.3, and *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). Friends of Lake View have failed to provide any viable grounds for a claim that Act 60 should be reviewed under strict scrutiny notwithstanding its facial neutrality.

Because Act 60 is a facially neutral law that does not infringe on a fundamental right, we apply the rational basis test. *See Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1015-16 (8th Cir. 2006). On rational basis review, "the statute at issue carries . . . a 'strong presumption of validity.'" *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314 (1993)). The reviewing court must uphold the challenged law "if the classification drawn by the statute is rationally related to a legitimate [governmental] interest." *Crum v. Vincent*, 493 F.3d 988, 994 (8th Cir. 2007) (alteration in original) (quoting *Gilmore v. County of Douglas*, 406 F.3d 935, 939 (8th Cir. 2005)). To survive rational basis review, "all that must be shown is 'any reasonably conceivable state of facts that could provide a rational basis for the classification,'" so "it is not necessary to wait for

---

in deciding a Rule 12(b)(6) motion to dismiss."); *accord Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of publicly-available data about the voting-age population in reviewing the dismissal of a vote-dilution claim). As far as we can tell, the defining characteristic of the school districts that have been eliminated due to consolidation is the smallness of their student populations rather than their racial composition.

-13-

further factual development." *Knapp*, 183 F.3d at 789 (quoting *Beach Commc'ns*, 508 U.S. at 313); *see also Gilmore*, 406 F.3d at 937 ("[W]hile we view facts alleged in the complaint as true, we recognize that 'a legislative choice . . . may be based on rational speculation unsupported by evidence or empirical data.'" (quoting *Carter v. Arkansas*, 392 F.3d 965, 968 (8th Cir. 2004))).

Act 60 survives rational basis review because the State of Arkansas has a legitimate governmental interest in consolidating school districts to achieve economies of scale and other efficiencies and the classification drawn between school districts based on their average daily membership is rationally related to advancing that interest.[13] Accordingly, we affirm the dismissal of Friends of Lake View's complaint for failure to state a claim upon which relief can be granted.[14]

---

[13] Friends of Lake View do not clearly distinguish between the Fourteenth Amendment guarantees of due process and equal protection. Assuming that Friends of Lake View premised their Fourteenth Amendment claim on both substantive due process and equal protection, we need not address those issues separately because "[a] rational basis that survives equal protection scrutiny also satisfies substantive due process analysis." *Executive Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 569 (8th Cir. 2008) (citing *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n.12 (1981), and *Indep. Charities of Am., Inc. v. Minnesota*, 82 F.3d 791, 798 (8th Cir. 1996)). Assuming that Friends of Lake View premised their Fourteenth Amendment claim on procedural as well as substantive due process, they have abandoned the claim's procedural component by failing to make any meaningful argument on appeal that the enforcement of Act 60 deprived them of procedural due process. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

[14] We note that the defendants assert in conclusory fashion that "[a]ll of [Friends of Lake View's] claims against the Governor are barred by sovereign immunity because they do not fall within the *Ex parte Young* exception." Since we affirm the dismissal of Friends of Lake View's complaint, we need not decide whether Governor Beebe (or any of the other defendants) would be entitled to claim sovereign immunity under the Eleventh Amendment in regard to some or all of Friends of Lake View's claims.

## III.  CONCLUSION

For the foregoing reasons, we affirm.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 25, 2009

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE: 08-2161 Friends of Lakeview School, et al v. Mike Huckabee, et al

Dear Sirs:

    A published opinion was filed today in the above case.

    Counsel who presented argument on behalf of the appellant was Jimmie Lee Wilson, West Helena, AR.

    Counsel who presented argument on behalf of the appellee was Scott P. Richardson, AAG, Little Rock, AR. The following attorney appeared on the appellee brief: Matthew B. McCoy, AAG, Little Rock, AR.

    The judge who heard the case in the district court was Honorable William R. Wilson. The judgment of the district court was entered on April 21, 2008.

    If you have any questions concerning this case, please call this office.

                        Michael E. Gans
                        Clerk of Court

DMH

Enclosure(s)

cc: Lois Law
    MO Lawyers Weekly

      District Court/Agency Case Number(s): 2:04-cv-00184-WRW

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 25, 2009

Mr. Jimmie Lee Wilson
521-523 Plaza
West Helena, AR  72390-2512

      RE:  08-2161  Friends of Lakeview School, et al v. Mike Huckabee, et al

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                               Michael E. Gans
                                               Clerk of Court

DMH

Enclosure(s)

cc:    Mr. Jim McCormack
       Mr. Scott Paris Richardson

        District Court/Agency Case Number(s):  2:04-cv-00184-WRW



| | | |
|---|---|---|
| 8cc-cmecf-nda@ck8.uscourts.gov | To | |
| 08/25/2009 09:41 AM | cc | |
| | bcc | |
| | Subject | 08-2161 Friends of Lakeview School, et al v. Mike Huckabee, et al "Signed Opinion Filed" |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 08/25/2009

| | |
|---|---|
| **Case Name:** | Friends of Lakeview School, et al v. Mike Huckabee, et al |
| **Case Number:** | 08-2161 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: ROGER L. WOLLMAN, MICHAEL J. MELLOY and RAYMOND W. GRUENDER. Raymond W. Gruender, Authoring Judge (PUBLISHED) [3579498] [08-2161] (DMH)

The following document(s) are associated with this transaction:
**Document Description:** Signed Opinion Filed
**Original Filename:** 082161P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/25/2009] [FileNumber=3579498-0]
[1e5a584bc862ec6c612d0490c85000f3db7c7101dd5e1696211472351e8fbddd6c7b155e1624b10
404a561a31f596f54acd2540f8f438a2a112449741d7d34cc]]

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/dhogenmiller_082161_3579498_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/25/2009] [FileNumber=3579498-1]
[c9283c3741b2f58e1674939f0d2e3379137b57c018a6b5a67a93c2d36859bcb51533f77b20c3891
d4d57bb59cad224fec59c7698cd22b169c982e6198d813ec4]]

**Recipients:**
- Lois Law

- MO Lawyers Weekly
- West Publishing


**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/dhogenmiller_082161_3579498_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/25/2009] [FileNumber=3579498-2]
[c3380b332135a8a9d36feaf2edf3cda82d9ca57de024acd6e032a3b11de9b4696746092319802d57
fc6bbb14589fbf1e4929699af6a57b2cd78e87df775ac1b3]]
**Recipients:**
- Mr. McCormack, Jim, Clerk of Court
- Mr. Richardson, Scott Paris, Assistant Attorney General
- Mr. Wilson, Jimmie Lee


**Notice will be electronically mailed to:**

Mr. McCormack, Jim, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Richardson, Scott Paris, Assistant Attorney General: scott.richardson@arkansasag.gov, danielle.williams@arkansasag.gov
Mr. Wilson, Jimmie Lee: attorneyjlwilson@suddenlinkmail.com
Lois Law: FED08@loislaw.com
MO Lawyers Weekly: smaniscalco@mo.lawyersweekly.com
West Publishing: us08@westdcs.west.thomson.com


**Notice will be mailed to:**


Mr. McCormack, Jim, Clerk of Court
U.S. DISTRICT COURT
Eastern District of Arkansas
600 W. Capitol Avenue
Room A149
Little Rock, AR 72201-0000

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 3579498
**RELIEF(S) DOCKETED:**
   for publication
**DOCKET PART(S) ADDED:** 3991438, 3991439, 3991440